UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE C., <br>     Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner <br> of the Social Security Administration, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 1:24-cv-00354-MSM-AEM <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Plaintiff's Motion to Reverse the Decision of the Commissioner, (ECF No. 8), and the Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 9). On February 24, 2025, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") recommending that the Court grant the Plaintiff's Motion to Reverse and deny the Commissioner's Motion. (ECF No. 10.) The Commissioner filed a timely objection to the R&R (ECF No. 11) and the Plaintiff responded (ECF No. 12). For the reasons below, the Court adopts the R&R in full, over the Commissioner's objection.

### I.    BACKGROUND

The Plaintiff applied for disability benefits on September 30, 2021. That application was denied initially on February 9, 2022, and again after reconsideration on March 30, 2022. After an administrative hearing held on March 3, 2023, the Administrative Law Judge ("ALJ") issued an unfavorable decision on October 19,

2023. The ALJ decided the case adversely to the Plaintiff at Step 4 and, alternatively, at Step 5.[1] The ALJ held that the Plaintiff's residual functional capacity allowed her to engage in her previous work as a commercial cleaner. The Appeals Council denied review and this appeal followed.

## II.     STANDARD OF REVIEW

The Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). "Questions of law are reviewed de novo[.]" *Seavey*, 276 F.3d at 9.

## III.     DISCUSSION

The Commissioner's objection to the R&R centers on a claim that the Magistrate Judge's recommendation raises the "very real potential to cause an intra-district split of authority" on what they argue are very similar facts. The Commissioner points to a recent ruling by Chief Judge McConnell in *Katheryn H. v. King*, 2025 WL 521137 (D.R.I. Feb. 18, 2025). (ECF No. 11 at 1). At the outset the Court notes that district court opinions do not establish precedent. *Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 239 (D. Mass. 2011). District court opinions "are binding only on the parties under principles of res

---

[1] For a complete analysis of the five-step evaluation that the ALJ follows in evaluating disability claims, refer to ECF No. 10 at page 8, and 20 C.F.R. §§ 404.1520, 416.920.

2

judicata and even the . . . judge who authored them is not otherwise obligated, except in service of a seemly consistency, to follow them in later cases." *Id.*

The Commissioner also cites to the Code of Federal Regulation definition of a medical opinion to support his argument that the Magistrate Judge was incorrect in finding that the ALJ had failed to properly evaluate the medical evidence in the record. Specifically, the Commissioner argues that the Magistrate Judge was incorrect in finding that the ALJ had improperly assessed the record evidence from the Plaintiff's treating psychiatrist Dr. Rowland. Under 20 C.F.R. § 404.1513(a)(2) a medical opinion is defined as "a statement from a medical source about what [the claimant] can still do despite … impairment(s) and whether [they] have one or more impairment-related limitations or restrictions." The crux of the defendant's argument is that the letter from Dr. Rowland did not constitute a medical opinion and, claiming that it was much like a letter considered by Chief Judge McConnell in *Katheryn H.*, it should be treated as "other medical evidence" or "statements on issues reserved to the Commissioner" under 20 C.F.R. § 404.1513(a)(3) and § 404.1520b(c) and (c)(3). (ECF No. 11 at 6).

Although the letters in both cases are similar in some respects, they are not the same. In analyzing Dr. Rowland's letter, the Magistrate Judge acknowledged that it could have contained more detail but noted that the letter consisted of the "detailed impressions of a long-term treating psychiatrist." (ECF No. 10 at 13). He also found that the ALJ's requirement of a "full function-by-function opinion statement" was an unreasonable interpretation of the C.F.R.'s definition of medical

3

opinion. Further, finding that Dr. Rowland's opinion was "a thoughtful and detailed explanation of Plaintiff's mental impairments and their impact on her ability to perform the mental demands of work activities," the Magistrate Judge recommended that this Court find the ALJ should have evaluated the letter as a medical opinion "rather than simply dismissing it as merely an expression of support for Plaintiff's application." *Id.* This Court agrees. Dr. Rowland, Plaintiff's treating psychiatrist for several years, provided a detailed letter that included diagnosis, history, and a description of the limitations impacting her ability to work. It should have been evaluated as a medical opinion and the ALJ erred by failing to do so.

## IV. CONCLUSION

For the reasons discussed here, the Court ACCEPTS and ADOPTS the R&R in full. The Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 8) is GRANTED, and the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 9) is DENIED. Final Judgment shall enter in favor of the Plaintiff and the matter is remanded for further administrative procedures consistent with this decision.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

May 30, 2025

4